Ionatana TAMAPUA,
Petitioner-Appellant,

v.

Edwin SHIMODA and the Attorney
General of the State of Hawaii,
Respondents-Appellees.

No. 85–2661.

United States Court of Appeals,
Ninth Circuit.

Submitted April 15, 1986.*

Decided July 31, 1986.

As Modified on Denial of Rehearing and
Rehearing En Banc Oct. 21, 1986.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.
App.P. 34(a) Ninth Cir. R. 3(f).

Earle A. Partington, Honolulu, Hawaii, for petitioner-appellant.

Peter M. Wilkens, Honolulu, Hawaii, for respondents-appellees.

Before WALLACE, HUG and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge.

We review the district court's denial of a petition for a writ of habeas corpus filed by a state prisoner. Because we find that the conviction in this unusual case is unsupported by the evidence, we reverse.

## Facts

Ionatana Tamapua was indicted by a Hawaii grand jury on the charge of theft in the first degree. The indictment alleged that Tamapua "did obtain property, to wit, money and a chain, from the person of Dinasa Puaala, with intent to deprive the said Dinasa Puaala of the property, thereby committing the offense of Theft in the First Degree...." Tamapua unsuccessfully moved to dismiss the indictment on the ground that it failed to state an offense because it did not allege that he obtained the property without authorization. In lieu of trial, the parties then stipulated to the factual allegations contained in the indictment but only with regard to the chain. The other charge was dropped. Based on the stipulation, the court found Tamapua guilty and imposed a five year sentence to run concurrently with a sentence he was already serving.

Tamapua appealed to the Hawaii Supreme Court arguing that the indictment did not charge that he obtained the chain without authorization, an essential element of the crime of first degree theft under Hawaii law, and therefore his conviction was based on insufficient evidence. The Hawaii Supreme Court disagreed, and found the indictment sufficient. Tamapua then filed a motion for reconsideration alleging that the Hawaii Supreme Court misunderstood his argument, which was that his conviction was based on insufficient evidence. This motion was denied.

Tamapua then filed a petition for a writ of habeas corpus in the United States District Court for the District of Hawaii. He alleged that he was denied due process because he was convicted of an act that was not a crime. The district court in an unreported order filed August 30, 1985, denied the petition holding that Tamapua had not exhausted his state remedies and that there was an adequate and independent state law basis for the conviction. Tamapua filed a timely appeal.

## Discussion [1]

Tamapua assails both parts of the district court's decision, arguing that he has exhausted his state remedies and that his conviction violates due process.

### 1. *Exhaustion of State Remedies*

 While a state prisoner must first exhaust his state remedies, 28 U.S.C. § 2254(b), *Lindquist v. Gardner,* 770 F.2d 876, 877 (9th Cir.1985), the exhaustion requirement is satisfied once a claim has been fairly presented to the highest state court. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Middleton v. Cupp,* 768 F.2d 1083, 1086 (9th Cir.1985). A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based. *Picard v. Connor,* 404 U.S. at 277–78, 92 S.Ct. at 513. A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented. *Id.* at 278, 92 S.Ct. at 513.

 Before the state courts Tamapua argued persistently that the indictment and evidence were insufficient and that he was convicted for an act that was not a crime. Tamapua makes essentially the same arguments before us, but he now labels them as violations of due process. While the Supreme Court has ruled that "[i]t is not enough that all facts necessary to support the federal claim were before the state courts, ... or that a somewhat similar state-law claim was made," *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982), we conclude that Tamapua's state claims were sufficient to sat-

1. We review the district court's denial of the petition for writ of habeas corpus de novo. *See Givens v. Housewright,* 786 F.2d 1378, 1380 (9th Cir. 1986); *Chatman v. Marquez,* 754 F.2d 1531, 1533–34 (9th Cir.) *cert. denied,* —— U.S. ——, 106 S.Ct. 124, 88 L.Ed.2d 101 (1985).

isfy the "fair presentation" requirement. Tamapua's primary contention in the state court proceedings was that his conviction was based on insufficient evidence. Sufficiency of evidence to convict is a fundamental concern of the due process clause. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). In Tamapua's reply brief to the state supreme court, he correctly cited *State v. Lima,* 64 Haw. 470, 474, 643 P.2d 536, 539 (1982), for the proposition that "[i]t is well established, as a precept of *constitutional* as well as statutory law, that an accused in a criminal case can only be convicted upon proof by the prosecution of every element of the crime charged beyond a reasonable doubt." (Emphasis added.)

Although Tamapua did not invoke the talismanic phrase "due process of law" in the state proceedings, we have held that a state prisoner will not be denied access to the federal courts because he failed to cite "book and verse on the federal constitution." *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1958), *quoted with approval in Picard v. Connor,* 404 U.S. at 278, 92 S.Ct. at 513. On a careful examination of the record, we conclude that the Hawaii Supreme Court had a full and fair opportunity to address the substance of Tamapua's claims. He has therefore exhausted his state remedies and we must proceed to consider his contentions on the merits.

### 2. *Due Process*

Tamapua's indictment charged that he "did obtain property, to wit ... a chain, *from* the person of Dinasa Puaala, with intent to deprive the said Dinasa Puaala of the property ..." (emphasis added). The relevant statute, however, defines theft as "[o]btain[ing], or exert[ing] *unauthorized* control over ... *the property of another* with intent to deprive him of the property." Hawaii Rev.Stat. § 708–830(1) (emphasis added). There is obviously a material difference between the two formulations. While the statute makes unlawful exerting unauthorized control over the property of the victim, the indictment can reasonably be read as including many types of property transfers, unilateral as well as consensual. Literally read, the indictment could well describe a gift, a purchase, even a return of Tamapua's own property.

The indictment in this unusual case played a dual function: that of charging Tamapua with an offense and, because of the stipulation in lieu of trial, of establishing the proof against him. There is a material difference between these two functions. An indictment may well be constitutionally adequate—putting defendant on notice of the charges against him—even though it does not catalog every element of the offense. *See Givens v. Housewright,* 786 F.2d 1378 (9th Cir.1986); *Miller v. Stagner,* 757 F.2d 988, 994, *amended,* 768 F.2d 1090 (9th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1269, 1271, 89 L.Ed.2d 577 (1986). Proof on which a conviction is based must meet a much higher standard: it must support a finding beyond a reasonable doubt of every element of the offense. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Where a state prisoner alleges that his conviction was not supported by such evidence, a federal court must consider the issue. *Jackson v. Virginia,* 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979). *Jackson* describes the standard of review under such circumstances: "after viewing the evidence in the light most favorable to the prosecution, [whether] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789 (emphasis original).

As noted above, the indictment here is quite ambiguous. The language used describes a variety of transactions, many of them consensual and legal. Specifically, the indictment does not state that the property in question belonged to someone other than Tamapua or that his taking of it was unauthorized, two key elements of the offense of theft. Since the *only* evidence in the record is the stipulation which tracks the indictment, there was no evidence from which a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. Under the test of *Jackson v. Virginia,* therefore, Tamapua's conviction violates due process.

REVERSED.