**Michael SMITH, Petitioner,**

v.

**Peter DEMOSTHENES and Brian McKay, Attorney General of the State of Nevada, Respondents.**

**No. CV–N–89–763–HDM.**

United States District Court,
D. Nevada.

Feb. 23, 1990.

Michael Smith, Ely, Nev., pro se.

Stuart Newman, Office of the Atty. Gen., Carson City, Nev., for respondents.

## ORDER

McKIBBEN, District Judge.

Michael Smith, a state prisoner, has petitioned for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith raises two constitutional challenges to his state conviction. First, he contends the state authorities' search of his apartment violated his rights under the fourth, fifth, and fourteenth amendments to the United States Constitution. Second, he alleges the state district court committed error in permitting evidence of prior bad acts in violation of his rights under the fifth and fourteenth amendments to the United States Constitution.

Smith was convicted on July 9, 1986, after a jury trial, of the offenses of conspiracy to commit robbery, burglary, and three counts of robbery with the use of a deadly weapon. He was sentenced to imprisonment for six years on the conspiracy to commit robbery charge, ten years on the burglary charge, and fifteen years on each of the robbery charges, with a fifteen-year consecutive sentence for the use of a deadly weapon in the commission of the robbery. Following his conviction, Smith directly appealed to the Nevada Supreme Court. His conviction was affirmed by the court on June 24, 1988. 756 P.2d 552. On November 28, 1989, Smith filed this petition for writ of habeas corpus.

Prior to reaching the merits of Smith's petition, the court will first address the issue of exhaustion of state remedies raised by the respondents. Respondents contend Smith has exhausted his state remedy on the fourth amendment claim but has failed to exhaust his state court remedies in connection with his claim that the admission of evidence of other crimes violated his rights under the fifth and fourteenth amendments to the United States Constitution.

■ As a matter of comity, the federal court will not entertain a state prisoner's petition for writ of habeas corpus unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b); *Myers v. Rhay*, 577 F.2d 504, 511–12 (9th Cir.1978). State remedies have not been exhausted unless the petitioner's federal claim has been "fairly presented to the state courts," *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), and the highest state court has disposed of the claims on the merits. *Har-*

*ris v. Superior Court,* 500 F.2d 1124, 1128 (9th Cir.1974).

■■ Here, Smith contended before the Nevada Supreme Court that the admission of prior bad acts violated the provisions of Nev.Rev.Stat. § 48.045(2) and Nev.Rev. Stat. § 48.035. He did not raise the constitutional claim before the Nevada Supreme Court. The federal claim, however, does not describe facts which were not presented to the Nevada Supreme Court. A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based. *Picard v. Connor,* 404 U.S. at 277–78, 92 S.Ct. at 513–14. Here, Smith makes essentially the same arguments he made before the Supreme Court except he now labels them as a violation of his rights to equal protection and due process. A habeas petitioner may reformulate the claims made in state court since exhaustion only requires that the substance of the federal claim be fairly presented. *Tamapua v. Shimoda,* 796 F.2d 261, 262 (9th Cir.1986). The court concludes the presentation of the claim involving prior bad acts before the State Supreme Court was sufficient for this court to conclude Smith has exhausted his state remedies. Therefore, the court finds that entertaining Smith's petition for habeas corpus will not violate the principle of comity.

■■ Smith first contends that his consent to the warrantless search of his apartment was not given voluntarily. The court must examine the totality of the circumstances in determining whether or not a consent to search has been given voluntarily. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). After careful review of the record in this case, the court concludes that Smith voluntarily consented to the search of the apartment and that he did not withdraw the consent. Here, Smith consented for the police to "look around" the apartment for other male subjects. In searching under the bed, the officers did not exceed the scope of the consent to search. Since the officers were then in a lawful position to observe, any inadvertent discovery of the shotguns is protected under the umbrella of the plain view doctrine. As the record discloses, the officers used a specifically recommended method for searching beneath beds. The record is barren of any indication the officers exceeded the scope of the consent. The consent was to conduct a search of the premises for the purpose of locating any other individuals who might have been concealed in the rooms. Therefore, the court concludes the petitioner has failed to establish a violation of his constitutional rights in connection with the search conducted by the officers.

■ Second, Smith contends it was prejudicial for the trial court to admit the evidence of the robbery of the Charleston Heights Liquor Store. The record reflects the trial court carefully balanced the probative value of the evidence against the possible prejudicial effect. The court properly concluded that the similarities between the two robberies tended to establish identity and that the Charleston Heights evidence was "extremely probative." Federal courts will not intervene in the state judicial processes except to correct wrongs of a constitutional dimension. *Engle v. Issac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). The court cannot conclude on the basis of the record before it that the admission of this evidence rendered the trial fundamentally unfair and constituted a violation of due process.

Therefore, the court holds that the petition for writ of habeas corpus (# 1) should be, and hereby is, DENIED.

It is so ORDERED.