944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Everett W. BRUNDRIDGE, Petitioner-Appellant,
v.
OREGON BOARD OF PAROLE, Respondent-Appellee.
 No. 91-35030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Everett W. Brundridge, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider them. Picard v. Connor, 404 U.S. 270, 276 (1971). A claim has been fairly presented if the petitioner has described in the state court proceeding both the operative facts and the federal legal theory on which his claim is based. Anderson v. Harless, 459 U.S. 4, 6 (1982); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). The petitioner must give the state the opportunity to "apply controlling legal principles to the facts bearing on his constitutional claim." Anderson, 459 U.S. at 6.
 
 
 4
 In his federal habeas petition, Brundridge claimed that the Parole Board violated his fourteenth amendment rights to due process and equal protection in setting his parole release date. In contrast, in his appeals to the Oregon Court of Appeals and the Oregon Supreme Court, Brundridge contended that the Parole Board had violated state statutes and its own guidelines in calculating his parole release date. Moreover, in support of his claims, Brundridge relied on two Oregon cases that address only state law and do not contain any federal constitutional analysis. Thus, in presenting his claims to the state courts, Brundridge did not describe the federal legal theory on which his claim is based or give the court the opportunity to "apply controlling legal principles to the facts bearing on his constitutional claim." See id.[1]
 
 
 5
 Because Brundridge did not describe his due process and equal protection theories in state court, he failed to provide the Oregon courts with a fair opportunity to consider his federal constitutional claims. See id.; Picard, 404 U.S. at 276. Moreover, Brundridge concedes that state remedies are no longer available to him. Because Brundridge is now barred from raising his constitutional claims in state court, he has procedurally defaulted on these claims. See Tacho v. Martinez 862 F.2d 1376, 1378 (9th Cir.1988) (citations omitted). Therefore, he can only obtain federal habeas relief upon showing cause and actual prejudice. See Reed v. Ross, 468 U.S. 1, 11 (1984). Brundridge concedes that he has made no such showing. Accordingly, the district court correctly dismissed his habeas petition.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Brundridge's argument that he implicitly raised his fourteenth amendment claims in state court by alleging the facts that support these claims is meritless. See Anderson, 459 U.S. at 6 ("it is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made") (citation omitted)