961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Tyrone SAMUEL, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, and John Van De Kamp, Attorney
General of the State of California, Respondents-Appellees.
 No. 91-55216.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided April 27, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 After a finding by the jury that David Samuel was competent, and following his conviction for first degree murder, the California Supreme Court reversed because there was insubstantial evidence to support the finding of competence. People v. Samuel, 629 P.2d 485 (Cal.1981). On remand, the trial court accepted a guilty plea to the first-degree murder charge without holding a competency hearing. Five years later, in 1989, Samuel filed a habeas petition in the California Supreme Court alleging that he had received ineffective assistance of counsel and that his guilty plea was not knowingly and intelligently made. That petition was summarily dismissed. In 1990, Samuel filed a habeas petition in the district court based on the same allegations. It was dismissed without a hearing on the ground that the state court's findings of competence to enter a guilty plea were fairly supported by the record. Samuel appeals, and we remand with instructions to dismiss the petition for failure to exhaust the issue of whether the failure to hold a competency hearing before accepting the guilty plea was constitutional error.
 
 
 3
 Although Samuel's pro se memorandum[1] to the California Supreme Court referred to Cal.Penal Code § 1368, which sets out when competency hearings are required under California law, it neither argued that the failure to hold a competency hearing violated his rights to due process, nor cited Pate v. Robinson, 383 U.S. 375 (1966) (reversing conviction because state trial court failed to hold hearing on competence to stand trial). Instead, Samuel's petition and his memorandum focused on the ineffectiveness of counsel and his own inability to understand the nature of the plea proceedings.
 
 
 4
 With the benefit of hindsight and Samuel's papers on appeal, it is barely possible to smoke out a Pate issue in his 1989 petition because of the passing reference to Cal.Penal Code § 1368. It is so buried, however, that we are not persuaded that the federal constitutional claim was fairly presented to the California Supreme Court. While the operative facts were adequately described, the legal theory was not. Cf. Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986) (claim is fairly presented if petitioner described operative facts and legal theory on which claim is based); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir.1991) (petitioner exhausts state remedies if highest state court had "fair opportunity" to consider claim). Given the California Supreme Court's earlier reversal of Samuel's conviction for lack of evidence of competency and its remand to determine competency, we think it improbable that that Court was aware of the existence of the federal question when it summarily dismissed Samuel's petition.
 
 
 5
 The questions raised by Samuel's federal petition are quite serious, both with respect to whether California state requirements for holding a competency hearing were met, and whether, in turn, his federal rights to due process were violated. Under these circumstances, both comity and judicial efficiency make it appropriate for us to insist on complete exhaustion. See Granberry v. Greer, 481 U.S. 129, 135-36 (1987).
 
 
 6
 We therefore vacate the district court's dismissal on the merits, and remand with instructions to dismiss for failure to exhaust state remedies.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Samuel is now represented by appointed counsel