967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert RYAN, Petitioner-Appellant,
v.
Robert BORG, Respondent-Appellee.
 No. 91-16007.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 17, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Ryan, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider them. Picard v. Connor, 404 U.S. 270, 276 (1971). A claim has been fairly presented if the petitioner has described in the state court proceeding both the operative facts and the federal legal theory on which his claim is based. Anderson v. Harless, 459 U.S. 4, 6 (1982); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). If state remedies have not been exhausted as to all claims raised in a federal habeas petition, the district court must dismiss the entire petition. Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 4
 In his habeas petition, Ryan claimed that (1) he received ineffective assistance of counsel; and (2) the trial court gave an erroneous jury instruction on flight. The respondent moved to dismiss the petition and raised three defenses. First, the respondent alleged that the petition was successive, because Ryan had raised the same claims in a federal habeas petition filed in 1987. In the alternative, the respondent argued that if Ryan's allegations of ineffective assistance of counsel constituted a new claim, the petition should be dismissed either as an abuse of the writ or for failure to exhaust this claim in state court. The district court, adopting a magistrate's findings and recommendation, dismissed the petition on the ground that Ryan had failed to exhaust state remedies.[1] The district court did not consider the other defenses or rule on the merits of Ryan's claims.[2]
 
 
 5
 The district court correctly determined that Ryan failed to exhaust his ineffective assistance of counsel claim in state court. Although Ryan presented an ineffective assistance of counsel claim to the state courts on direct appeal and in a state habeas corpus petition, that claim was not based on the same facts or legal theory that Ryan alleged in his federal habeas petition. Therefore, Ryan has not fairly presented his new ineffective assistance of counsel claim to the California Supreme Court, and he has not satisfied the exhaustion requirement with respect to this claim. See Anderson, 459 U.S. at 6; Picard, 404 U.S. at 276; Tamapua, 796 F.2d at 262. Moreover, because his habeas petition contained an unexhausted claim, the district court properly dismissed the entire petition. See Rose, 455 U.S. at 510.
 
 
 6
 On appeal, Ryan argues that the district court erred by dismissing his petition rather than staying the action pending exhaustion of this claim in state court. This argument lacks merit because whether the petition is stayed or dismissed will not affect Ryan's ability to pursue this claim after it has been exhausted. See Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988) (prisoner who submits a mixed petition has the option of either resubmitting the petition with only exhausted claims, or exhausting the remainder of the claims in state court and then filing a new petition).
 
 
 7
 Finally, Ryan states that in August 1991, approximately three months after he filed his notice of appeal, he submitted an amended habeas petition to the district court that contained three additional claims. Ryan requests that this court either consider the merits of these new claims or remand to the district court with instruction to consider them. We cannot consider these claims, however, because documents submitted to the district court after the judgment challenged on appeal are not part of the record on appeal. Fed.R.App.P. 10(a); Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988). Nor is remand appropriate because the claims were not properly presented to the district court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his brief on appeal, Ryan states that he sent objections to the magistrate's findings and recommendation to the district court, but this document was never received. Nevertheless, because our de novo review of the record indicates that the district court's determination was correct, Ryan was not prejudiced by the district court's inability to consider his objections
 
 
 [2]
 Ryan contends that the respondent did not raise the exhaustion defense in his motion to dismiss, and the district court dismissed his petition as successive. Both of these contentions are contradicted by the record