983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwight D. WIMBLEY, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 91-56003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1992.*
Decided Jan. 19, 1993.
 
 Before TANG, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dwight Wimbley appeals from the district court's denial of his state prisoner habeas corpus petition. Wimbley contends he was denied his due process right to a fair trial by the admission of inculpatory automated teller machine (ATM) slips into evidence without first allowing him adequate time to prepare a defense. Wimbley also contends he was denied effective assistance of counsel because his attorney failed to offer documentary evidence that Wimbley's true blood type is B+, but the Sheriff Department's crime laboratory reported it as O. We review the district court's denial of the writ de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 I.
 
 3
 Lisa H. was raped on July 31, 1987. The attack started around 2:00 AM and ended at about 4:00 AM when her assailant left her apartment. Although she never saw her assailant, she recognized his voice and speech patterns, identifying Wimbley, whom she already knew, as the rapist. Police arrested Wimbley on August 3, 1987. He denied he raped Lisa. A search of Wimbley's car revealed a can of puppy housebreaking spray that was reportedly missing from the crime scene. Wimbley was then charged with numerous offenses arising out of the attack on Lisa.
 
 
 4
 The laboratory report from the San Diego Sheriff's Department Regional Crime Laboratory indicates that both Lisa and Wimbley have type O blood and that their saliva shows no evidence of ABO blood group factors--that is, they are both nonsecretors. It also indicates that samples of the rapist's semen taken from Lisa show the rapist is a nonsecretor. Because of these findings, the lab concluded that Wimbley could not be eliminated as a suspect in the rape. Wimbley's military records indicate he has B+ blood. Neither the laboratory report nor the military records were introduced into evidence below.
 
 
 5
 Over the objection of his counsel, Wimbley testified at trial. He denied being out of his house at 4:30 AM on July 31, 1987. When asked where he banked, he replied he banked with Southwest Bank in Oceanside and used to have an instant teller card, but did not know where it was.
 
 
 6
 In rebuttal, the prosecution called a police officer who testified that the evidence bag contained three yellow ATM slips taken from Wimbley at the time of his arrest. The slips indicated transactions at Southwest Bank at 4:39 AM and 4:40 AM on July 31, 1987. Defense counsel objected to the ATM slips coming into evidence for the jury to view. After an off-the-record chambers conference, the court continued the matter from Friday until Monday afternoon to give Wimbley time to prepare a defense. On Monday, defense counsel conceded that additional bank records would not help Wimbley's cause. Counsel asked for a second continuance to bring in an expert to testify concerning a new defense, that Wimbley must have been in a drunken stupor when he made the withdrawals from the ATM machine and did not recall that he made them. The trial court denied a second continuance. Wimbley now claims one ATM slip came from a branch at 3804 Plaza in Oceanside while the other came from a branch at 1801 South Hill in Oceanside.
 
 
 7
 Wimbley was convicted of rape, sodomy, oral copulation, foreign object penetration, assault with a deadly weapon, and malicious removal of a telephone wire. He was sentenced to 39 years in prison, and is currently in custody.
 
 
 8
 Wimbley's direct appeal and his four petitions for writ of habeas corpus were consolidated before the California Court of Appeal, which affirmed the conviction and denied the writs in an unpublished disposition. People v. Wimbley, No. DOO8392 (March 15, 1990). The Supreme Court of California denied review. The California Supreme Court has also denied four original petitions for writ of habeas corpus and a petition for a writ of mandate.
 
 
 9
 On August 15, 1990, Wimbley filed a petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. § 2254. Wimbley based his writ on five grounds: (1) insufficient evidence to sustain a conviction as a matter of law; (2) conviction obtained by action of a grand or petit jury that was unconstitutionally impaneled; (3) conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence material to his case; (4) the prosecution's suppression of material evidence; and (5) ineffective assistance of counsel.
 
 
 10
 The district court denied the writ. In this appeal, Wimbley has abandoned all claims except denial of his due process right to a fair trial because of the trial court's failure to grant a continuance, and ineffective assistance of counsel.
 
 II.
 
 11
 Wimbley argues that had the trial court granted him adequate time for investigation during business hours, as opposed to a weekend continuance, he could have shown that the ATM slips were inherently unreliable evidence. Wimbley now maintains that the ATM slips were time-stamped only one minute apart, but came from different bank branches, throwing their accuracy into question. Wimbley asserts he was denied a fair trial because the trial court granted him only a weekend to discover this discrepancy.
 
 
 12
 Wimbley did not present this claim to the district court. He also failed to exhaust it in the state courts. For purposes of exhaustion in the state court, "[a] claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986) (emphasis added). Wimbley has never presented the operative facts of time-stamping and bank branch location to any court except this one. At no time has he ever suggested the ATM slips were unreliable because they came from different bank branches but were time-stamped only one minute apart, or that he could have attacked the slips on that ground if given more time to investigate by the trial court. Thus, the California courts have never had the "opportunity to apply controlling legal principles to the facts bearing upon [Wimbley's] constitutional claim." Picard v. Connor, 404 U.S. 270, 277 (1971) (citation and internal quotation marks omitted).
 
 
 13
 It would be futile, however, to send Wimbley back to state court. The California Court of Appeal has ruled that he is procedurally barred from raising further claims concerning the ATM slips:
 
 
 14
 By this petition, which is the fifth or sixth petition for habeas corpus ... Wimbley again seeks to establish the incompetence of trial counsel; only this time he raises [a] new argument[ ].... He complains trial counsel ... refused to offer his or his brother's testimony in surrebuttal to explain certain ATM slips which had been found in his possession at the time of his arrest.
 
 
 15
 [T]hese alleged "grounds" for arguing trial counsel incompetency have been within Wimbley's personal knowledge for the past two years. Though he has vigorously pursued other claims of ineffective assistance of counsel since April 1988, he has never raised these new "grounds" before this latest petition. He offers no valid reasons for the delay in raising these new issues.
 
 
 16
 [Wimbley's] inability to justify the delay ... is understandable as the facts [the claim is] based on were well known to Wimbley at the time of trial. He has repeatedly sought since that time to litigate the same basic alleged wrong, inadequate assistance of trial counsel.
 
 
 17
 Even giving Wimbley the benefit of the doubt because he is representing himself, we find no reason to allow him to continuously petition for relief based on variations of the same basic theme....
 
 
 18
 [B]ased on this unjustified delay in raising his new arguments and in the unjustified raising of the same issue in multiple petitions, we deny his petition for habeas relief on the grounds of procedural default.
 
 
 19
 In re Dwight David Wimbley, No. DO11978 (Cal.Ct.App. May 6, 1990).
 
 
 20
 After this decision, Wimbley filed an original habeas corpus petition with the California Supreme Court, complaining of the appellate court's ruling and raising the same issues. The California Supreme Court denied the petition without opinion. In re David D. Wimbley on Habeas Corpus, No. SO17102 (August 22, 1990). Therefore, we must regard the decision of the California Court of Appeal as controlling, and conclude that procedural default bars Wimbley from bringing any further claims concerning the ATM slips before the California state courts. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2594 (1991).
 
 
 21
 Because Wimbley has procedurally defaulted in state court, he has met the exhaustion requirement of 28 U.S.C. § 2254(b), Castille v. Peoples, 489 U.S. 346, 351 (1989). Wimbley, however, is "barred from raising [his] claim in a federal habeas corpus proceeding unless he can show cause for the default and prejudice resulting therefrom." Teague v. Lane, 489 U.S. 288, 298 (1989). Wimbley can also defeat the bar by showing that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (quotations and citations omitted).
 
 
 22
 Wimbley argues that his trial counsel's "ignorance or inadvertence excuses [his] failure to exhaust state remedies." Appellant's Reply Brief at 4. Ignorance or inadvertence do not constitute cause for a state procedural default. Murray v. Carrier, 477 U.S. 478, 486-87 (1985).
 
 
 23
 Wimbley also appears to argue that the new information about the ATM slips constitutes evidence of innocence. At very best, however, the evidence suggests the ATM slips are unreliable or useless as evidence. Assuming arguendo the truth of this proposition, Wimbley has nevertheless failed to demonstrate prejudice. The trial record contains sufficient evidence to persuade a rational jury of his guilt without consideration of the evidence of the ATM slips.
 
 III.
 
 24
 Wimbley argues that his trial counsel's failure to introduce evidence of his blood type and the possibility of an error by the crime laboratory constitutes ineffective assistance of counsel. As evidence, Wimbley offers a military record that indicates his blood type is B+. The crime lab report indicates his blood is type O.
 
 
 25
 Wimbley did not raise this claim in the district court or the California courts. In the California Court of Appeal and the California Supreme Court, Wimbley argued that the loss or destruction of the rapist's semen and a blood sample taken from Wimbley constituted prosecutorial misconduct. Although Wimbley's district court habeas petition contains a suggestion that his blood type and the semen samples taken from Lisa after the rape might have been inconsistent, he made no claim that his true blood type and the lab's analysis of his blood type did not match.
 
 
 26
 Because of Wimbley's abuse of the writ and his unjustifiable delay in raising his new blood test claim, procedural default bars him from returning to the California courts. He is barred from raising his claim in this court as well, unless he can show cause and prejudice, Teague, 489 U.S. at 298, or that failure to consider his claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (quotations and citations omitted).
 
 
 27
 Wimbley has failed to demonstrate cause. He has not established that any "objective factor external to the defense" prevented him from ordering his military records before submitting his state habeas petitions. Murray v. Carrier, 477 U.S. at 488.
 
 
 28
 Furthermore, assuming arguendo Wimbley is correct about the lab's error in typing his blood, he is no closer to establishing a "colorable showing of factual innocence." See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986) (concluding "that 'the ends of justice' require federal courts to entertain federal habeas petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence"). The discrepancy in the military record and the crime lab's report only concerns Wimbley's blood type. The lab report says Wimbley has type O blood; the military record says he has type B+ blood. No one knows the blood type of the rapist. All that is known about the rapist is that, according to the lab report, he is a nonsecretor. According to the lab report, Wimbley is also a nonsecretor. The discrepancy in the lab report and the military record in no way exculpates Wimbley. The lab report, moreover, was never used at trial. Therefore, Wimbley has failed to show prejudice.
 
 
 29
 The judgment of the district court is affirmed.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3