985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ross R. MCCRACKEN, Petitioner-Appellant,
v.
Gail FRANK, Superintendent of Corrections in Fairbanks,
Respondent-Appellee.
 No. 92-35318.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Jan. 29, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ross R. McCracken, an Alaska state prisoner, appeals the district court's dismissal of his petition for habeas corpus relief. McCracken contends that the district court erred in determining that he failed to present his federal equal protection claim to the Alaska state courts.
 
 
 3
 This court reviews a district court's denial of habeas corpus relief de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse and remand.
 
 
 4
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner can satisfy the exhaustion requirement by giving the highest state court a "fair opportunity" to consider each of his claims before he presents it to the federal court. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). "A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 5
 "A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented." Tamapua, 796 F.2d at 262; see Picard, 404 U.S. at 278. In determining if the petitioner has exhausted his state remedies, the court must ascertain "whether any of petitioner's claims is so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim." Humphrey v. Cady, 405 U.S. 504, 516 n. 18 (1972).
 
 
 6
 On 3 April 1984, McCracken was released from a Montana state prison after serving his sentence for a felony. On his release McCracken received a certificate from the State of Montana which restored all of his civil rights. McCracken would thus have been able to possess a weapon in Montana. McCracken moved to Alaska and subsequently acquired a handgun. On 26 June 1986, McCracken was convicted of violating Alaska's felon-in-possession statute, Alaska Stat. § 11.61.200(a)(1).[1] McCracken was not allowed to raise the statutory affirmative defense, Alaska Stat. § 11.61.200(b),[2] because of his status as a released felon.
 
 
 7
 In his second amended petition for habeas corpus relief filed in district court, McCracken describes the same operative facts as he did to the Alaska Court of Appeals and the Alaska Supreme Court. Thus, we are satisfied that McCracken fairly presented to the Alaska Supreme Court the operative facts on which his claim is based. See Picard, 404 U.S. at 278; Tamapua, 796 F.2d at 262. Therefore, the issue is whether McCracken has fairly presented the legal theory set forth in his habeas petition to the Alaska state courts. Tamapua, 796 F.2d at 262.
 
 
 8
 McCracken unsuccessfully argued before the Alaska Court of Appeals "that the statute [Alaska Stat. § 11.61.200(a), (b) ] violates equal protection in that those persons who have otherwise been unconditionally discharged from a sentence must allow five years to elapse before an affirmative defense is available." (CR 13, Exh. 1 at 7). McCracken argued that the state has not "demonstrated why a felon who has been unconditionally discharged, but has not had five years elapse from the date of the discharge is any more likely to reoffend than a felon who falls within either of two other categories where a five year period is not required." (id.). McCracken thus challenged the statutory classification contained in Alaska Stat. § 11.61.200(a), (b) on equal protection grounds. The court stated that "the state has a substantial interest in controlling access to concealable firearms by persons previously convicted of a felony." McCracken v. State, 743 P.2d 382, 384 (Alaska Ct.App.1987). Finding that the statute did not violate equal protection principles, the court determined that Alaska Stat. § 11.61.200(b) "is a reasonable and rational attempt to achieve the statutory goal." Id.
 
 
 9
 McCracken made the same argument in his petition to the Alaska Supreme Court for discretionary review. McCracken argued that he was denied "equal protection where AS 11.61.200(b) prevented him from raising an affirmative defense because five years had not yet elapsed between his unconditional discharge as to his prior felony and the date he possessed the firearm in question." (CR 13, Exh. 2 at 4). McCracken's petition was denied without a hearing.
 
 
 10
 McCracken's second amended petition for habeas corpus relief filed in federal court presents the same legal theory. McCracken states as his only ground for habeas corpus relief that he "was denied his right to equal protection under the Fourteenth Amendment of the United States Constitution." McCracken is prohibited from possessing a gun in Alaska or raising the statutory affirmative defense because of the statutory classification set forth in Alaska Stat. § 11.61.200(a), (b). Therefore, McCracken is arguing that Alaska Stat. § 11.61.200(a), (b) violates his right to equal protection under the fourteenth amendment. His status as a person who was released from prison in Montana after serving a sentence for a felony forms the factual basis of his claim. His legal theory, which he consistently argued in the Alaska state courts, is that Alaska Stat. § 11.61.200(a), (b) denies him equal protection. Thus, McCracken is making essentially the same argument in the federal courts as he raised in the state courts. See Tamapua, 796 F.2d at 262 (reformulation of argument made in state court is acceptable).
 
 
 11
 McCracken's claim that his conviction violated the federal constitution is sufficiently similar to his claim that his conviction violated the state constitution. See Humphrey, 405 U.S. at 516 n. 18; Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir.1958) (if all the operative facts giving rise to the asserted constitutional violation raised in the federal habeas corpus petition have been presented to the state courts, the petition should not be dismissed for failure to exhaust state remedies merely because a specific section of the constitution was not mentioned); accord Daye v. Attorney General of the State of New York, 696 F.2d 186, 193 (2d Cir.1982) (en banc) (state courts "will be alerted to the constitutional nature of a claim if the defendant has claimed the deprivation of a particular right specifically protected by the Constitution").
 
 
 12
 Moreover, the Alaska Supreme Court has adopted a separate test to determine if a statute violates state equal protection guarantees. See State v. Erickson, 574 P.2d 1, 12 (Alaska 1978). In adopting the separate standard the Alaska Supreme Court acknowledged that upon reviewing a state statute for equal protection violations it must determine whether the statute violates the federal constitution before proceeding to analyze the statute under the separate state test. Id.; see also Commercial Fisheries Entry Comm'n v. Apokedak, 606 P.2d 1255, 1261 (Alaska 1980). Thus, we are satisfied that McCracken fairly presented to the Alaska Supreme Court the legal theory which he raises in his federal petition for habeas corpus relief. See Picard, 404 U.S. at 278; Tamapua, 796 F.2d at 262.
 
 
 13
 We conclude that the Alaska Supreme Court had a full and fair opportunity to address the substance of McCracken's claim that his conviction violates federal equal protection guarantees. See Picard, 404 U.S. at 276; Middleton 768 F.2d at 1086. Accordingly, we reverse and remand for further proceedings on the merits of the petition.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, McCracken's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alaska Stat. § 11.61.200(a) provides in pertinent part:
 A person commits the crime of misconduct involving weapons in the first degree if the person
 (1) knowingly possesses a firearm capable of being concealed on one's person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory
 * * *
 
 
 [2]
 Alaska Stat. § 11.61.200(b) provides in pertinent part:
 It is an affirmative defense to a prosecution under (a)(1) or (2) of this section that
 (1) the person convicted of the prior offense on which the action is based received a pardon for that conviction;
 (2) the underlying conviction upon which the action is based has been set aside under AS 12.55.085 or as a result of post-conviction proceedings; or
 (3) a period of five years or more has elapsed between the date of the person's unconditional discharge on the prior offense and the date of the possession, sale, or transfer of the firearm.