34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Perry Scott BRENKMAN, Petitioner-Appellant,
v.
Sam LEWIS, et al., Respondents-Appellees.
 No. 93-17089.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Perry Scott Brenkman appeals the denial of his petition for a writ of habeas corpus. He argues that the district court erred in concluding that the consecutive sentences imposed upon his conviction of two counts of burglary and two counts of sexual assault did not violate the Double Jeopardy Clause of the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Appellees argue as a preliminary matter that Brenkman has failed to exhaust his state remedies on his due process and double jeopardy claims.
 
 
 4
 We may not grant a petition for a writ of habeas corpus pursuant to a state court judgment unless the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. Sec. 2254(b). "A claim is considered exhausted when it has been fairly presented to the highest state court." Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir.1992). "A claim is fairly presented if the petitioner has described the operative facts and legal theory on which his claim is based." Tampua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 5
 Brenkman argued before the state courts that his consecutive sentences were excessive and imposed in violation of state law against double punishment. He makes essentially the same arguments in his federal habeas petition, but labels them as violations of due process and double jeopardy. "A state prisoner will not be denied access to the federal courts because he failed to cite 'book and verse on the federal constitution.' " Id. at 263. Brenkman's state claims satisfy the "fair presentation" requirement and he properly exhausted his state remedies.
 
 II
 
 6
 Brenkman argues that the state exceeded its sentencing authority by imposing consecutive sentences for his two counts each of burglary and sexual assault. He argues that the district court erred in concluding that the Arizona Court of Appeals' denial of Brenkman's appeal was in accord with state law.
 
 
 7
 We review de novo the denial of a petition for habeas corpus. Peltier v. Wright, 15 F.3d 860, 861 (9th Cir.1994). We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 8
 At the time of Brenkman's conviction, Arizona law provided that "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." A.R.S. Sec. 13-116. The Arizona Supreme Court has interpreted this statute to mean that consecutive sentences can be imposed if the defendant commits multiple acts. State v. Noble, 731 P.2d 1228, 1230 (Ariz.1987). A defendant commits multiple acts if, after the evidence necessary to convict on the ultimate crime is subtracted, the remaining evidence satisfies the elements of the other crime; if it is factually possible to commit one crime without committing the other; and if the defendant's conduct in committing the lesser crime caused additional harm beyond that inherent in the ultimate crime. State v. Gordon, 778 P.2d 1204, 1208 (Ariz.1989).
 
 
 9
 The district court properly concluded that a reasonable jury could have found that Brenkman intended to commit both sexual assault and theft when he forcibly entered the victims' homes. A reasonable jury also could have concluded that Brenkman committed the burglary based on his intent to commit theft, regardless of the sexual assault. Brenkman's acts of theft, moreover, increased the harm to the victims beyond that inflicted by the sexual assaults.
 
 
 10
 Because Brenkman committed multiple criminal acts, the imposition of consecutive sentences did not violate due process or the federal prohibition against double jeopardy. See Rhoden v. Rowland, 10 F.3d 1457, 1461-62 (9th Cir.1993). The district court properly denied Brenkman's petition.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3