41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vance NILSEN, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 94-15145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1994.*
Decided Nov. 18, 1994.
 
 Before: LAY,** PREGERSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Appellant Vance Nilsen, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition.[1] We affirm.
 
 
 3
 * We must first address the state's claim that Nilsen has failed to exhaust his state court remedies.
 
 
 4
 A state prisoner must exhaust his state court remedies before seeking habeas relief in federal court. Picard v. Connor, 404 U.S. 270, 275 (1971); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). In the instant case, however, the fact that Nilsen's claim may be unexhausted does not preclude us from resolving it. If the state fails to raise exhaustion as a defense in the proceedings below, we may, in our discretion nonetheless address the merits of the unexhausted claim if it would serve the interests of comity, federalism, and the administration of justice to do so. See Granberry v. Greer, 481 U.S. 129, 133 (1987).
 
 
 5
 Here, the state failed to raise an exhaustion defense in the district court. As discussed below, Nilsen's claim lacks merit. Because the interests of the administration of justice would be served best by addressing Nilsen's claim rather than requiring exhaustion, the exhaustion requirement will be deemed waived. Id. at 135 ("[I]f it is perfectly clear that the applicant does not raise even a colorable federal claim," the interests of justice are best served by waiving exhaustion requirement).
 
 II
 
 6
 We next consider Nilsen's argument that he was denied effective assistance of counsel.
 
 
 7
 To demonstrate that counsel's assistance was ineffective, Nilsen must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive Nilsen of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1983). Viewing the evidence in the light most favorable to Nilsen, as we must on an appeal from grant of summary judgment, we nonetheless conclude that Nilsen satisfies neither of Strickland's requirements.
 
 
 8
 Nilsen's claim of deficient performance is based on counsel's alleged failure to obtain Nilsen's knowing waiver of his right to testify. This argument is significantly undermined by the fact that Nilsen himself expressly waived his right at trial. Cf. United States v. Nohara, 3 F.3d 1239, 1243-44 (9th Cir.1993) (claim of ineffective assistance of counsel due to denial of right to testify precluded where there is express waiver by counsel and defendant remains silent in response to such waiver).
 
 
 9
 Even were we to disregard his express waiver, Nilsen fails to demonstrate deficient performance by counsel. Despite Nilsen's assertions to the contrary, the right to testify "essentially is a strategic trial decision with constitutional implications." United States v. Joelson, 7 F.3d 174, 178 (9th Cir.) (distinguishing right to testify from "personal rights that a defendant must waive explicitly, such as the right to go to trial or plead guilty or the right to be represented by counsel"), cert. denied, 114 S.Ct. 620 (1993). Viewed in this light, the choice by counsel at trial and on appeal not to have Nilsen testify as he desired was not incompetent. As the district court explained, several factors argued in favor of counsel's decision: first, the issue of identity was open to challenge; second, there was hope that evidence connecting Nilsen to the crime might be excludable; and, finally, the victim's mother believed that the victim was still alive. In contrast, forensic evidence suggested that Nilsen's proposed testimony was untrue. These factors argued in favor of a defense based on innocence rather than one based on involvement in the crime. Ultimately, then, we cannot agree that counsel made "errors so serious that [they were] not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 2064.
 
 
 10
 Even if we were convinced that Nilsen stated a viable claim of counsel's deficiency, Nilsen fails to persuade us that such deficiency prejudiced him. Although we consider the evidence in a light favorable to Nilsen, it is still clear that a jury, faced with substantial evidence contradicting Nilsen's claim, would have found Nilsen's testimony implausible. Counsel's refusal to allow Nilsen to testify does not create "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 2068.
 
 
 11
 As Nilsen demonstrated no genuine issues of material fact, the district court appropriately granted summary judgment to the state.
 
 III
 
 12
 Finally, we conclude that the district court did not err in failing to hold an evidentiary hearing on this issue.
 
 
 13
 To be entitled to an evidentiary hearing, Nilsen must show that "(1) he has alleged facts which, if proved, would entitle him to relief, and (2) an evidentiary hearing is required to establish the truth of his allegations." Harris v. Pulley, 692 F.2d 1189, 1197 (9th Cir.1982), rev'd on other grounds, 465 U.S. 37 (1984). Accepting Nilsen's factual allegations as true, he is nonetheless incapable of demonstrating prejudice, a requirement for a showing of ineffective assistance. The district court thus correctly concluded that Nilsen was not entitled to an evidentiary hearing.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We reject the state's claim that the district court issued an invalid certificate of probable cause, thus depriving this court of jurisdiction over Nilsen's appeal. The certificate stated, in part, that it was granted "[f]or the sole purpose of facilitating petitioner's appeal, and without any expression as to the merit of the arguments raised." The state suggests that by refraining from any expression as to the merits, the district court failed to find that the petition makes a "substantial showing of a denial of [a] federal right," as required under federal law. Barefoot v. Estelle, 463 U.S. 880, 883 (1983) (quotation omitted). As Barefoot makes clear, however, to qualify for a certificate of probable cause, a petitioner need not demonstrate a probability of success on the merits. Id. ("[O]bviously, the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor.") (quotation omitted). Thus, the district court's refusal to pass on the merits of Nilsen's petition is of no significance to the validity of the certificate itself. Cf. Van Pilon v. Reed, 799 F.2d 1332, 1335 (9th Cir.1986) ("[T]he scope of [appellate] review cannot be limited by a certificate of probable cause.")