53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carlos CASTRO, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 94-16340.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Castro appeals from the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 Castro is serving a sentence of 15-years-to-life following a conviction in California Superior Court of second degree murder. While incarcerated at Folsom State Prison, Castro received a Serious Rule Violation Report for his alleged participation in the stabbing of a fellow inmate. A hearing was held on April 25, 1989. Castro was found guilty of the rules violation. His punishment was a forfeiture of 360 days of good-behavior credit.
 
 
 4
 After unsuccessful administrative appeals and exhaustion of state remedies, Castro filed the instant petition on May 26, 1993. The petition alleges numerous due process violations in connection with the disciplinary hearing. Upon suggestion by the State Attorney General's Office, however, Castro was granted a rehearing on the disciplinary charge. The rehearing was held September 27, 1993. Castro was again found guilty and the original reprimand of forfeiture of 360 days good behavior credit was left intact. In Castro's traverse filed April 6, 1994, he asserts that his due process rights were also violated at the September 27, 1993, hearing.
 
 
 5
 Because Castro was granted a rehearing, the district court properly concluded that the due process allegations contained in Castro's petition relating to the 1989 hearing are moot. Powell v. McCormack, 395 U.S. 486, 496 (1969) ("a case is moot when the issues presented are not longer live or the parties lack a legally cognizable interest in the outcome" (internal quotation omitted)).
 
 
 6
 Further, the alleged due process violations stemming from the 1993 hearing are not ripe for federal review because Castro has not exhausted state remedies. Picard v. Connor, 404 U.S. 270, 275 (1971); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986).
 
 
 7
 Castro contends that his allegations concerning the 1989 hearing are not moot because the 360-day reprimand was not removed following granting of the rehearing, but merely added to the 360-day forfeiture imposed after the 1993 proceeding for a total loss of 720 good behavior days. Castro's contention is not supported by the record. The 1993 proceeding was merely a rehearing of the 1989 disciplinary determination; it was not a separate proceeding on different charges. The record reflects that upon conclusion of the 1993 rehearing, the original 360 day forfeiture was reimposed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3