Charles H. KEATING, Jr.,
Petitioner–Appellee,

v.

Robert HOOD; Attorney General of the State of California, Respondents–Appellants.

No. 96–56175.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 1997.

Decided Jan. 15, 1998.

---

Sanjay T. Kumar, Deputy Attorney General, Los Angeles, California, for respondents-appellants.

Scott D. Devereaux and Stephen C. Neal, Cooley, Godward, Castro, Huddleson & Tatum, Palo Alto, California, for petitioner-appellee.

Before: BROWNING, BRUNETTI, and TROTT, Circuit Judges.

## ORDER

Charles Keating was convicted of violating California Corporations Code § 25401, which prohibits the offer or sale of securities by means of material misrepresentations or omissions. Keating's conviction was upheld by the California Court of Appeals. *People v. Keating,* 19 Cal.Rptr.2d 899 (Ct.App.2 Dist.1993). The California Supreme Court granted review, but denied the petition without opinion. *People v. Keating,* 39 Cal. Rptr.2d 410, 890 P.2d 1119 (1995).

Keating's Petition for Review to the California Supreme Court did not include a claim raised in his federal habeas petition that the instruction given to the jury on aiding and abetting omitted any mens rea element and thus violated Keating's due process rights and constituted an ex post facto law.

A magistrate judge recommended that Keating's federal habeas petition be dismissed without prejudice because Keating failed to inform the California Supreme Court that he was asserting a federal due process claim, as required by *Duncan v. Henry,* 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).

The district court rejected the magistrate judge's recommendation, ruling that Keating had presented the substance of his constitutional claim to the California Supreme Court and was not required to invoke "the talismanic phrase 'due process of law' in the state proceedings," citing *Tamapua v. Shimoda,* 796 F.2d 261, 263 (9th Cir.1986).

The Supreme Court in *Duncan* explicitly rejected the *Tamapua* analysis, stating:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.... [M]ere similarity of claims is insufficient to exhaust.

*Id.* at 365, 115 S.Ct. at 888.

We have repudiated *Tamapua* on the basis of *Duncan.* In *Crotts v. Smith,* 73 F.3d 861, 865 n. 3 (9th Cir.1996), we stated that "[i]n light of the Court's recent decision in *Duncan v. Henry,* we see no need to apply the exhaustion analysis set forth in *Tamapua v. Shimoda . . ..*" In *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996), we said:

> After *Duncan, Tamapua*'s "essentially the same" standard is no longer viable. If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court. To the extent the district court relied on *Tamapua*'s "essentially the same" standard, it erred.

The district court erred in concluding that Keating raised his federal habeas claim in his opening brief in support of his Petition for Review. The district court relied on an argument in petitioner's opening brief that aider and abettor liability does not apply to violations of Section 25401. However, the discussion made no reference to Keating's federal claim that the aiding and abetting instruction lacked a proper mens rea element

and thus violated Keating's federal due process rights.

Keating argued in his reply brief that the jury instructions did not include a mens rea requirement, but did not argue that this omission violated the U.S. Constitution.

Because the constitutional claim raised in Keating's federal habeas petition has not been fairly presented to the California Supreme Court, Keating has not exhausted his state court remedies, and his petition for habeas corpus must be dismissed without prejudice.

DISMISSED WITHOUT PREJUDICE.