[No. 4,167.]

## WILLIAM FITZPATRICK BY JOHN FITZPATRICK AND J. M. HAVEN, HIS GUARDIANS, *v.* A. HIMMELMANN.

OFFICE OF TRIAL JURY.—It is the office of a trial jury, by their verdict, to find the facts in issue, whether general or special, and with the legal effect of those facts they have no concern.

DISSENT OF JUROR FROM VERDICT.—Although a juror may, at the last moment, dissent from a verdict rendered, yet that dissent must be founded on the question of fact presented by the verdict, and not upon imformation received from the Court, as to what is the legal effect of the verdict as found.

VERDICT OF JURY.—If the jury have special issues submitted to them, and find on these issues, and also find a general verdict for the plaintiff; and

when the verdict is read, the Court declares that on the findings the defendant must have judgment, and some of the jury then dissent from the special verdict, and the Court sends them out for further delibera tion, and they then return with general verdict, but are unable to agree on the special verdict, the Court should *not* accept the general verdict.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant appealed.
The other facts are stated in the opinion.

*Wm. Irvine,* for the Appellant.

*Thomas V. O'Brien* and *Gray & Haven,* for the Respondent.

By the COURT.

The jury were instructed to find a verdict in response to certain special issues submitted to them by the Court. They did so, and at the same time found a general verdict in favor of the plaintiff. Upon their appearance in the court-room with these verdicts the Court remarked: "I suppose there must be a judgment in favor of the defendant on these findings;" and thereupon some of the jurors, declaring their dissatisfaction with their special verdict, they were sent out for further deliberation. They subsequently reported to the Court that, while they adhered to their general verdict in favor of the plaintiff they were unable to render any verdict upon the special issues. Thereupon the Court below, against the objections of the defendant, withdrew the special issues from the consideration of the jury, and, accepting the general verdict, rendered a judgment thereon in favor of the plaintiff.

It is apparent that the general verdict rendered under such circumstances should not have been accepted by the Court below.

It is the office of a trial jury by their verdict, whether general or special, to find the facts in issue between the parties; with the legal effect of those facts, as resulting in a

judgment in favor of the one party or the other, they have no concern whatever.

While it is undoubtedly competent to a juror to declare, even at the last moment, that the verdict, as presented, is not his verdict, his dissent must proceed upon the question of fact determined by the verdict. He is not at liberty to dissent merely because he mistook the legal effect of his verdict, or ascertains from the remark of the Court that the judgment to be rendered upon the verdict will be other then he had supposed.

The proceedings in this case, upon the return of the jury into Court, plainly show that they would have adhered to their special verdict, if they had not accidentally found out that judgment would be rendered for Himmelmann instead of Fitzpatrick, and their general verdict rendered for the latter, under such circumstances, ought not to have been received, or made the basis of a judgment in the cause.

Judgment and order reversed, and cause remanded for a new trial.