[Civ. No. 54221. First Dist., Div. Four. Apr. 29, 1982.]

SUSAN CHIPMAN, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jeff Brown, Public Defender, and Anne E. Libbin, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Charles R. B. Kirk, Deputy Attorneys General, for Real Party in Interest.

OPINION

**CHRISTIAN, J.**—Susan Chipman seeks a writ to compel respondent superior court to take no further action against her in a pending case in which she is charged with possession of stolen property (Pen. Code, § 496). The contention is that the court erred in accepting a nonunanimous verdict. We issue a writ as prayed for.

### RECEPTION OF THE VERDICT

After deliberations, the jury returned to court with a verdict of guilty. The court asked the jurors whether this was their true verdict and there was no negative response. Petitioner requested that the jury be polled. The first 11 jurors responded "yes" to the question of whether this was their true verdict. Juror number 12 responded "no." Then the following exchange took place:

"THE COURT: No?

"Juror No. 12: No.

"The Court: I am going to ask you, the Jury Foreman, was this unanimous inside in the jury deliberations room?

"Juror No. 12: Yes, your Honor.

"The Court: At that time did you say 'Yes'?

"Juror No. 12: I voted because—

"The Court: Just answer the question. Did you vote yes in the jury room?

"Juror No. 12: Yes, I did.

"The Court: You have changed your vote.

"Ms. Libben [petitioner's attorney]: I move for a mistrial.

"The Court: Please. In other words you voted 'Yes' in the jury deliberations room, is that correct?

"Juror No. 12: Yes.

"The Court: On this verdict that was just read.

"Juror No. 12: Yes.

"The Court: Since you came out here you changed your mind, is that correct?

"Juror No. 12: No, I didn't change my mind, I wasn't sure in the jury room.

"The Court: But you voted 'Yes' in the jury room?

"Juror No. 12: I know. Yes.

"The Court: That was your verdict then, correct?

"Juror No. 12: Yes.

"THE COURT: I am accepting that as a unanimous verdict."

## DISCUSSION

■ Petitioner contends that respondent court's action violates the California Constitution's guarantee of a unanimous verdict in a criminal conviction. This contention is sound. Every criminal defendant is entitled to a unanimous verdict. (Cal. Const., art. I, § 16; *People v. Wheeler* (1978) 22 Cal.3d 258, 265 [148 Cal.Rptr. 890, 583 P.2d 748].) And to be valid a criminal verdict must express the independent judgment of each juror. (See *People v. Gainer* (1977) 19 Cal.3d 835, 848-849 [139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3d 73].) To protect that constitutional right it is provided by statute that on the polling of a jury "if anyone answer in the negative, the jury must be sent out for further deliberation." (Pen. Code, § 1163.) Only if no disagreement is expressed on polling is the verdict complete. (Pen. Code, § 1164.) Thus, any juror is empowered to declare, up to the last moment, that he dissents from the verdict. (See *Fitzpatrick v. Himmelmann* (1874) 48 Cal. 588, 590.) When this occurs, the jury must be sent out for further deliberation. (Pen. Code, §§ 1163, 1164.)

Real party attempts to defend the verdict, contending that there was substantial compliance as recognized in appellate decisions. In *People v. Burnett* (1962) 204 Cal.App.2d 453 [22 Cal.Rptr. 320], the appellate court said that "'. . . although a juror at first answers evasively or in the negative, if he finally acquiesces in the verdict, it must be sustained.'" (*Id.,* at p. 458.) *Burnett* involved the following exchange:

"'The Clerk: . . . is this your verdict; answer "Yes" or "No."

"'. . . . . . . . . . . . . . .

"'[Juror]: How do you do that when you are in doubt? I guess you say "Yes."

"'[Defense Counsel]: May we have the answer?

"'The Court: I don't understand what you mean; you guess you say "Yes"? You mean you don't know whether it is your verdict or not?

"'[Juror]: Well, it is my verdict.

"'The Court: That is the question you were asked. Is it your verdict?

"'[Juror]: Yes.'" (*Id.*, at p. 457.)

The *Burnett* court concluded: "At bar, the trial court having determined, and rightly so, that the particular juror in question had concurred in the general verdict, the purpose of the poll (and of the governing statute [Pen. Code, § 1163]) had been fulfilled and there was no need for further deliberations." (*Id.*, at p. 458.) Thus, not every expression of uncertainty during polling requires that recordation of the verdict be withheld while the jury is sent back for further deliberations.

In the present case, although juror No. 12 had acquiesced in the verdict during deliberations, she answered "No" to the clerk's question of whether this was her true verdict. When the court asked the juror whether she had voted "Yes" in the jury room and she admitted that she had, the court accepted this prior concurrence as contributing to a unanimous verdict. The court failed to establish that the juror's present verdict was anything other than the "No" with which she had responded to the poll. The court thus did not give effect to the right of a juror to change his verdict at any time up to the time that it is finally recorded.

In *People* v. *Superior Court* (1967) 67 Cal.2d 929 [64 Cal.Rptr. 327, 434 P.2d 623, 25 A.L.R.3d 1143], also relied on by real party, the Supreme Court upheld the trial court's exercise of discretion in granting a mistrial when a juror equivocated on being polled. *Thomas* does not support respondent court's ruling in the present case, where the dissenting juror never answered affirmatively to the poll. Respondent court's reception of the verdict when it had been repudiated by one juror was error.

Petitioner contends that because the jury was improperly discharged without returning a unanimous verdict, the principle of former jeopardy bars retrial. On that theory petitioner requests this court to issue a writ barring retrial. This last contention is unsound, as petitioner moved for mistrial and the effect of this court's disposition is properly to direct respondent court to vacate the order for recordation of the verdict and to grant the motion for mistrial.

A peremptory writ will issue commanding respondent court to vacate the order that the verdict be recorded and grant petitioner's motion for mistrial.

Caldecott, P. J., and Poché, J., concurred.