Augusta Charles **GIVENS,**
**Petitioner-Appellant,**

v.

Vernon G. **HOUSEWRIGHT, et al.,**
**Respondents-Appellees.**

No. 84–2296.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 1985.

Decided April 11, 1986.

See also, D.C., 612 F.Supp. 174.

Augusta Charles Givens, pro se.

David F. Sarnowski, Dist. Atty. Gen., Carson City, Nev., for respondents-appellees.

Before WALLACE, SKOPIL, and SCHROEDER, Circuit Judges.

WALLACE, Circuit Judge:

Givens appeals from the district court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291. We reverse.

I

Givens was convicted in Nevada state court of the first-degree murder of a pregnant woman with whom he was living. The evidence indicated that Givens had repeatedly beaten the victim with his fists and struck her with the broken end of a crutch. The trial judge instructed the jury

on two types of first-degree murder under state law: murder by torture, and murder by any other willful, deliberate, and premeditated killing. *See* Nev.Rev.Stat. § 200.030.1(a).

Givens appealed his conviction directly to the Nevada Supreme Court, which affirmed. Givens then sought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal district court. The district court denied the petition.

## II

■ In his pro se briefs, Givens argues that the information filed against him did not give him adequate notice that he would face a charge of murder by torture. We construe this argument to allege a violation of Givens' sixth amendment right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI. We review de novo the district court's legal determination that the information filed against Givens complied with constitutional requirements. *See United States v. McConney,* 728 F.2d 1195, 1201–03 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

The sixth amendment requires, in part, that an information state the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962);

*Miller v. Stagner,* 757 F.2d 988, 994 (9th Cir.), *amended,* 768 F.2d 1090 (9th Cir. 1985). The information on which Givens was charged stated that Givens, "without authority of law and with malice aforethought, wilfully and feloniously kill[ed] VICKIE LYNN FRIERSON, a human being, by striking [her] about the head and body with his fists." Next to its caption, the information cited Nev.Rev.Stat. §§ 200.010,[1] 200.030,[2] which define murder and its two degrees.

■ At the close of evidence, the trial judge instructed the jury on murder by torture as well as general willful, deliberate, and premeditated murder. Murder by torture constitutes one of the several types of first-degree murder under Nevada law. *See* Nev.Rev.Stat. § 200.030.1(a). As reflected in the instruction given the jury, the offense of murder by torture has two essential elements: (1) the act or acts that caused the death must have involved a high probability of death, and (2) the defendant must have committed such act or acts with the intent to cause cruel pain and suffering for the purpose of revenge, extortion, persuasion, or for any sadistic purpose. The defendant need not have had an intent to kill. Counsel for Givens timely objected to this jury instruction, partly on the ground that the information had not adequately apprised Givens of this charge.

■ We agree with Givens that the information was constitutionally inadequate

1. Nev.Rev.Stat. § 200.010:
   *Murder defined.* Murder is the unlawful killing of a human being, with malice aforethought, either express or implied, or caused by a controlled substance which was sold to a minor in violation of chapter 453 of NRS. The unlawful killing may be effected by any of the various means by which death may be occasioned.

2. Nev.Rev.Stat. § 200.030 states in part:
   *Degrees of murder; penalties.*
   1. Murder of the first degree is murder which is:
   (a) Perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing;
   (b) Committed in the perpetration or attempted perpetration of sexual assault, kid-

naping, arson, robbery, burglary or sexual molestation of a child under the age of 14 years; or
   (c) Committed to avoid or prevent the lawful arrest of any person by a peace officer or to effect the escape of any person from legal custody.
   As used in this subsection, sexual molestation is any willful and lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of the perpetrator or of the child.

   2. Murder of the second degree is all other kinds of murder.

to support a charge of murder by torture. The brief factual recitation in the information, while sufficient to provide notice of a charge of ordinary first-degree murder, does not suggest the special elements of murder by torture. *Cf. Gray v. Raines,* 662 F.2d 569, 570–72 (9th Cir.1981) (information charging forcible rape did not provide adequate notice of charge of statutory rape since the two offenses require proof of different elements). Nor does the information's mere citation to a statutory section which defines the degrees of murder—and identifies murder by torture as one type of first-degree murder—provide adequate notice of the charge. *United States v. Rojo,* 727 F.2d 1415, 1418 (9th Cir.1983). From the information, Givens might reasonably have believed that the state had to prove intent to kill or intent to inflict grievous bodily harm in order to obtain a conviction for first-degree murder. He would therefore have seen little reason to dispute evidence suggesting instead an intent to cause cruel pain and suffering. He also would not have been warned of the need to show that he had not acted for the purpose of revenge, extortion, persuasion, or any sadistic purpose. We therefore conclude that the information did not provide notice adequate to enable Givens to prepare a defense against the charge of murder by torture.

■ We now consider whether this error was harmless. Because the error is of constitutional magnitude, we may affirm only if we find the error harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

We cannot say that this error was harmless beyond a reasonable doubt. There is no indication in the record that Givens had notice through any other pleading or proceeding that he would be tried for murder by torture. Moreover, the murder by torture instruction to the jury cannot be dismissed as tangential. On the contrary, the prosecutor relied heavily on the theory of murder by torture. In final argument, he described the instruction as "so important"

that he reread it to the jury. He repeatedly emphasized the cruel nature of the crime and concluded his argument by stating:

> What kind of a man would beat his pregnant wife to death with her own crutch? He's an animal. He's depraved and perverted.... He's a murderer in the most gruesome and gory sense of the word. Society will not tolerate this animal's cruel and vicious and deliberate torture and murder of a helpless, defenseless, twenty-two year old pregnant woman.

Nor can we say that the error made no difference on the ground that there is evidence from which the jury could have concluded beyond a reasonable doubt that Givens committed general willful, deliberate, premeditated murder. We do not know whether the jury did so or instead decided the case based upon murder by torture.

Because this constitutional error is not harmless beyond a reasonable doubt, we must reverse the district court's denial of Givens' petition for a writ of habeas corpus.

### III

■ Givens also raises several claims that the trial court erred in admitting evidence and in giving jury instructions. These claims merely challenge the correctness of the trial court's actions and cannot reasonably be construed to allege a deprivation of federal rights. Accordingly, they cannot serve as a basis for obtaining habeas relief. 28 U.S.C. § 2254(a); *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Gutierrez v. Griggs,* 695 F.2d 1195, 1197 (9th Cir.1983).

REVERSED.