963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arnulfo Aguayo ZEPEDA, Petitioner-Appellant,
v.
B.J. BUNNELL, Warden, Respondent-Appellee.
 No. 91-55829.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arnulfo Aguayo Zepeda, a California state prisoner, petitioned for a writ of habeas corpus. Zepeda alleged that his state murder convictions were obtained in violation of due process. The district court dismissed the petition and Zepeda appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * We review de novo the district court's dismissal of a habeas corpus petition. Chatman v. Marquez, 754 F.2d 1531, 1533-34 (9th Cir.), cert. denied, 474 U.S. 841 (1985). We apply a clearly erroneous standard in reviewing the district court's findings of fact. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987).
 
 II
 
 4
 Zepeda first contends that his right to a unanimous verdict was violated when one of the twelve jurors deliberating in his case "acquiesced" in the verdict. Zepeda further contends that the verdict of that juror was coerced by the other jurors on the panel.
 
 
 5
 Juror unanimity in criminal cases is required under article I, section 16, of the California Constitution. Chipman v. Superior Court, 131 Cal.App.3d 263, 266, 182 Cal.Rptr 123, 124 (1982). We have no authority, however, to review a state's application of its own laws. Guzman v. Morris, 644 F.2d 1295, 1297-98 (9th Cir.1981). Our duty is to determine if Zepeda's constitutional or other federal rights have been violated. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990).
 
 
 6
 The U.S. Constitution does not require juror unanimity. Apodaca v. Oregon, 406 U.S. 404, 410-12 (1972). "[T]he 12-person and unanimity requirements [are] ... non-constitutional rules" in state courts. Bretz v. Crist, 546 F.2d 1336, 1341 (9th Cir.1976), aff'd, 437 U.S. 28 (1978). Consequently, even if the juror in question had voted unequivocally to acquit, Zepeda's petition would state no cognizable federal habeas claim. Moreover, while Zepeda contends that the juror "voted as she did only because the other jurors pressured her," it is reasonable that "jurors in the minority on the first ballot are likely to be influenced by the proportional size of the majority aligned against them." Williams v. Florida, 399 U.S. 78, 101 n. 49 (1970). That influence does not violate the "essential feature" of the jury, defined as "the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence." Id. at 100.
 
 III
 
 7
 Zepeda next argues that his due process rights were violated when the state trial court refused to give a proposed jury instruction. Zepeda requested an instruction that one of his victims, Juan Cabrera, "would be likely to have provoked and taunted [Zepeda] on the night of the homicides."
 
 
 8
 A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding. Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir.1988). The error must so infect the entire trial that the defendant was deprived of his right to a fair trial. See Van Pilon v. Reed, 799 F.2d 1332, 1342 (9th Cir.1986).
 
 
 9
 Zepeda does not dispute that there was no evidence presented at trial that Cabrera ever provoked or taunted him. Consequently, the state trial court did not deprive Zepeda of his right to a fair trial by refusing Zepeda's instruction.
 
 IV
 
 10
 Zepeda next contends that the state trial court violated due process by prohibiting evidence and instruction on Zepeda's character. Specifically, Zepeda argues that he should have been allowed to present evidence and was entitled to a jury instruction on his "character traits for not premeditating and deliberating harm."
 
 
 11
 A criminal defendant's right to due process involves the right to a fair opportunity to defend himself against the State's charges. Chambers v. Mississippi, 410 U.S. 284, 294 (1973). A state trial court's evidentiary ruling violates due process when the ruling renders the trial fundamentally unfair. Kealohapauole v. Shimoda, 800 F.2d 1463, 1466 (9th Cir.1986), cert. denied, 479 U.S. 1068 (1987); Batchelor v. Cupp, 693 F.2d 859, 865 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983).
 
 
 12
 Here, the state trial court permitted testimony concerning Zepeda's good character. Moreover, the jury was instructed that "[e]vidence has been received which may tend to show the good character of the defendant for those traits ordinarily involved in the commission of a crime, such as that charged in this case." Zepeda was permitted to "introduce affirmative testimony that the general estimate of his character [was] so favorable that the jury [could] infer that he would not be likely to commit the offense charged." Michelson v. United States, 335 U.S. 469, 476 (1948). The jury was instructed accordingly. See Marshall v. Lonberger, 459 U.S. 422, 438 n. 6 (1983). Under the circumstances, prohibiting evidence and instruction on Zepeda's specific "character traits for not premeditating and deliberating harm" did not render Zepeda's trial fundamentally unfair.
 
 V
 
 13
 Zepeda finally contends that the state trial court improperly instructed the jury "on the effect that heat of passion has on the difference between murder and manslaughter." Zepeda argues that the state trial court erred when it "instructed that murder is a homicide with both malice and heat of passion."
 
 
 14
 In collateral proceedings involving erroneous jury instructions, the inquiry is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Henderson v. Kibbe, 431 U.S. 145, 154 (1977); Camitsch v. Risley, 705 F.2d 351, 355 (9th Cir.1983). Claims that merely challenge the correctness of jury instructions under state law cannot reasonably be construed to allege a deprivation of federal rights. Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir.1986).
 
 
 15
 In this case, the jury was instructed orally and in writing. In neither case did the state trial court instruct that "murder is a homicide with both malice and heat of passion." To the contrary, in both instances the state trial court properly instructed that "[w]hen the act causing the death ... is done in the heat of passion ... the offense is manslaughter" and not murder. Consequently, the challenged jury instruction did not render Zepeda's trial fundamentally unfair.
 
 VI
 
 16
 The district court's dismissal of the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3