993 F.2d 887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie L. WILLIAMS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 92-36835.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 18, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie L. Williams, an Oregon state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.
 
 
 3
 A petitioner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider them. Picard v. Connor, 404 U.S. 270, 276 (1971). A claim has been fairly presented if the petitioner has described in the state court proceeding both the operative facts and the federal legal theory on which his claim is based. Anderson v. Harless, 459 U.S. 4, 6 (1982); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir.1986). The petitioner must give the state the opportunity to "apply controlling legal principles to the facts bearing on his constitutional claim." Anderson, 459 U.S. at 6.
 
 
 4
 Here, in his federal habeas petition, Williams claimed that the district attorney violated his federal sixth amendment right to a speedy trial. In contrast, in his appeals to the Oregon Court of Appeals and the Oregon Supreme Court, Williams asserted that the district attorney violated Oregon's statutory law by not bringing Williams to trial within 90 days after William sent an alleged demand letter. In support of his claim, Williams relied on Oregon state law and did not include any federal constitutional analysis. Thus, in presenting his claim to the state courts, Williams did not describe the federal legal theory on which his claim is based or give the court the opportunity to "apply controlling legal principles to the facts bearing on his constitutional claim." See id.
 
 
 5
 Williams's argument that he implicitly raised his sixth amendment claim in state court by alleging the facts that support this claim is meritless. See Anderson, 459 U.S. at 6 ("it is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made") (citation omitted).
 
 
 6
 Because Williams did not describe his sixth amendment theory in state court, he failed to provide the Oregon courts with a fair opportunity to consider his federal constitutional claim. See id.; Picard, 404 U.S. at 276.[1] Moreover, because Williams did not raise his federal claim on direct appeal or file a state post-conviction petition, under state law his claim is now procedurally barred. See Or.Rev.Stat. § 138.510(2)(b) (petitioner must file a post-conviction petition within 120 days from the date the appeal is final in the Oregon Appellate Courts). Thus, Williams has procedurally defaulted on his claim and can obtain federal habeas relief only upon showing cause and actual prejudice. See Reed v. Ross, 468 U.S. 1, 11 (1984). Williams has made no such showing. Accordingly, the district court correctly dismissed his habeas petition.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Williams contends that the Oregon speedy trial statute should have been interpreted and applied according to both federal and state constitution speedy trial provisions. Williams, however, sought relief under the Oregon speedy trial statute, which requires a defendant to be brought to trial within 90 days of a demand letter. Under, the sixth amendment right to a speedy trial, on the other hand, there is "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." Barker v. Wingo, 407 U.S. 514, 523 (1972). Accordingly, the district court did not err by failing to construe Williams's statutory claim as raising a constitutional violation
 
 
 [2]
 Williams contends that the Oregon courts erred by denying him relief under the Oregon speedy trial statute. Because Williams challenges the application of Oregon's statutory law without alleging a deprivation of a federal right, the district court did not err by failing to consider this issue. See Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir.1986)