999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe P. PECINA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry LUMMUS, Defendant-Appellant.
 Nos. 92-10167, 92-10170.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 23, 1993.
 
 Before WALLACE, Chief Judge, and D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Appealing from his conviction of narcotics and weapons violations, Pecina challenges the district court's denial of his motion to suppress evidence. Lummus appeals his conviction and sentence for narcotics violations. The district court exercised jurisdiction pursuant 18 U.S.C. § 3231. We have jurisdiction over these timely appeals under 28 U.S.C. § 1291. We affirm.
 
 
 2
 Pecina contends that the warrant failed to describe the premises to be searched with sufficient particularity because it contained no reference to the guest house behind the main house. We review de novo the sufficiency of a warrant's particularity. United States v. Frazin, 780 F.2d 1461, 1467 (9th Cir.), cert. denied, 479 U.S. 844 (1986). To the extent that Pecina's argument challenges the district court's determination that probable cause existed to search the guest house, we review the existence of probable cause de novo, while findings of fact are reviewed for clear error. United States v. Linn, 880 F.2d 209, 214 (9th Cir.1989).
 
 
 3
 Pecina does not contend that the main house was insufficiently identified in the warrant. "His challenge to the search of [the entire premises, including the guest house], rather than a part of it, is really a challenge based on lack of probable cause." United States v. Alexander, 761 F.2d 1294, 1301 (9th Cir.1985). The warrant directed the officers to search "all buildings, outbuildings, garages ... used in connection with or within the curtilage of said premises and buildings." Id. at 1300. "Thus, we must determine whether the magistrate had a substantial basis for concluding that probable cause existed to search all of the buildings on the" premises. Id. at 1301.
 
 
 4
 "[A] warrant is valid when it authorizes the search of a street address with several dwellings if the defendants are in control of the whole premises, if the dwellings are occupied in common, or if the entire property is suspect." Id. The record indicates that all three of these criteria are met in this case, and we conclude that there was no fourth amendment violation.
 
 
 5
 Lummus argues that because the indictment alleged a specific amount of "pure" methamphetamine, and the government failed to introduce any evidence concerning the purity of the methamphetamine seized, there was an unconstitutional variance between the indictment and the proof at trial. We review this issue de novo. Givens v. Housewright, 786 F.2d 1378, 1380 (9th Cir.1986).
 
 
 6
 Variance occurs where the proof at trial diverges from the charges and allegations in the indictment. United States v. Olson, 925 F.2d 1170, 1175 (9th Cir.1991). A glance at the indictment demonstrates the frivolousness of Lummus's argument. Nowhere does the word "pure" appear in the indictment. The only term used is the unmodified "methamphetamine," and Lummus does not dispute that the government proved that he possessed methamphetamine.
 
 
 7
 Lummus also challenges his sentence, on essentially the same grounds. The district court properly calculated Lummus's offense level based on 647.8 grams of a mixture containing methamphetamine. See U.S.S.G. § 2D1.1(c)(8) & n*.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4