132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin B. COLEY, Petitioner-Appellant,
v.
Dave GONZALEZ, and Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 96-15347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Arizona William D. Browning, District Judge, Presiding
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Melvin Bernard Coley, an Arizona prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for two counts of possession of a deadly weapon. We review de novo a district court's decision on a section 2254 petition. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Coley contends that because the indictment did not expressly allege a theory of "constructive possession," pursuing this theory violated his right to be informed of the accusation against him. This contention lacks merit.
 
 
 4
 "The Sixth Amendment guarantees a criminal defendant the fundamental right to be clearly informed of the nature and the course of the charges in order to permit adequate preparation of a defense." Stephens v. Borg, 59 F.3d 932, 934 (9th Cir.1995). An indictment must state the elements of an offense charged "with sufficient clarity to apprise a defendant of what he must prepare to defend against." Givens v. Housewright, 786 F.2d 1378, 1380 (9th Cir.1986). "By including the elements of the offense, an indictment informs the defendant of the charges against him." Lincoln v. Sunn, 807 F.2d 805, 812 (9th Cir.1987).
 
 
 5
 Here, the indictment did not offend the Sixth Amendment. It set forth all of the elements of the offense charged without any ambiguity. See id. at 811. Contrary to Coley's assertions, the indictment did not have to apprise him of the legal meaning of possession. See Hamling v. United States, 418 U.S. 87, 118 (1974)(indictment need not define a "legal term of art" as such terms are sufficiently definite in legal meaning to give a defendant notice of the charge against him); see also Ariz.Rev.Stat. § 13-105(30)(31)(possession includes the knowing exercise of "dominion or control over property").
 
 
 6
 Nor did the government's reliance on a theory of constructive possession affirmatively mislead Coley to the detriment of his defense. On the day of trial, defense counsel acknowledged to the court that the State's theory was based on constructive possession and prepared her defense accordingly. The State's reliance on a theory of constructive possession neither changed the offense charged nor so altered the case that defendant lacked a fair opportunity to defend against the charges. See Stephens, 59 F.3d at 934; Lincoln, 807 F.2d at 813. Accordingly, the district court properly denied habeas relief on Coley's claim that his indictment failed to adequately notify him of the charges in count I.
 
 
 7
 Coley next contends that the district court erred by denying his claim that trial counsel was ineffective for failing to call a defense witness at trial. We disagree.
 
 
 8
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984). We review the district court's factual findings for clear error. See Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir.1995). A district court's determination regarding the credibility of a witness is accorded special deference. See Spain v. Rushen, 883 F.2d 712, 717 (9th Cir.1989).
 
 
 9
 Here, the district court held an evidentiary hearing regarding Coley's allegation that his trial attorney failed to call witness Ronald Gomes after Coley informed her that Gomex's testimony would exonerate him of count IV. After hearing and observing the witnesses at the evidentiary hearing, the district court concluded that Coley and Gomes were insufficiently credible to show that Coley's counsel knew about the information Gomes purportedly possessed. In addition, the transcript of the hearing shows that Coley's testimony was inconsistent with his own earlier allegations contained in his initial habeas petition. The district court's finding that Coley and his witness were incredible was not clearly erroneous. See Bonin, 59 F.3d at 823; see also Hamilton v. Vasquez, 17 F.3d 1149, 1158 (9th Cir.1994). Accordingly, the district court properly denied habeas relief on Coley's ineffective assistance of counsel claim.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Coley's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Coley's motion for appointment of counsel is denied