**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Timothy Wayne MATTHEWS,**
**Defendant—Appellant.**

No. 99–50692.

D.C. No. CR–98–00034–RT–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2001.

Submission withdrawn June 13, 2001.

Resubmitted Sept. 16, 2002.

Decided Sept. 18, 2002.

---

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

MEMORANDUM *

Timothy Wayne Matthews appeals his 240–month sentence for manufacturing and possessing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and his conviction for carrying a semiautomatic weapon during the drug offense, in violation of 18 U.S .C. § 924(c). Matthews pled guilty to the conspiracy, manufacturing, and possession charges. Matthews disputed, however, the amount of drugs for which he should be held accountable. He agreed with the government that the issue of drug quantity would be determined at trial of the § 924(c) charge. Matthews waived his right to a jury. At the conclusion of the trial, the court found Matthews guilty of the § 924(c) charge and specifically found beyond a reasonable doubt that Matthews should be held responsible for more than 100 grams of methamphetamine

or more than 1 kilogram of mixture containing methamphetamine. We have jurisdiction under 18 U.S.C. §§ 3231, 3742(a) and 28 U.S.C. § 1291 and we affirm both the § 924(c) conviction and the 240–month sentence.

Because Matthews did not raise in the district court any of the issues that he asserts in this appeal, we review for plain error. *United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir.2001) (*citing United States v. Nordby,* 225 F.3d 1053, 1059–60 (9th Cir.2000)). Reversal is appropriate only if there is (1) error, (2) that was plain or obvious, (3) that affected the defendant's substantial rights, and (4) that seriously affected "the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732–34, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *accord United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

I. The § 924(c) Conviction

Matthews contends that there was insufficient evidence to support his conviction for possession of a "semiautomatic assault weapon" during the drug offense. During the course of the trial, the government presented the weapon itself to the court for its inspection. Because the weapon was not admitted in evidence, we ordered the government to produce the weapon for our inspection. Having inspected the weapon, we are persuaded that the district court could have concluded beyond a reasonable doubt that the weapon was manufactured by Norinco, and, was therefore a "semiautomatic assault weapon" as defined by 18 U.S.C. § 921(a)(30)(A)(i). We therefore conclude that there was substantial evidence to support Matthews's conviction.

Matthews also argues that the indictment did not allege sufficient facts to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

permit the government to proceed with the § 924(c) charge. We agree that the allegations in the indictment were insufficient. It should have identified the gun by name and classification. *See United States v. Alerta,* 96 F.3d 1230, 1235 (9th Cir.1996) (holding that a jury instruction that merely named the guns without identifying their classification was insufficient), overruled on other grounds by *United States v. Nordby,* 225 F.3d 1053, 1059 (9th Cir. 2000). But, because Matthews had actual notice that the government was seeking to convict him for carrying a semiautomatic assault weapon, he could adequately prepare for trial. Thus, although the indictment was insufficient, Matthews's substantial rights were not affected. *See United States v. James,* 980 F.2d 1314, 1316 (9th Cir.1992) (stating that the purpose of the indictment is to give the defendant adequate notice of the charges against him "so that he may defend or plead his case adequately"); *see also Givens v. Housewright,* 786 F.2d 1378, 1381 (9th Cir.1986) (observing that an indictment error would be harmless if the defendant "had notice through any other pleading or proceeding" of the charges against him). Matthews had the name of the guns and was told at his arraignment that, "there are ... two firearms alleged in the 924(c) count, one of which is, by definition, an assault rifle carrying a ten-year penalty if the defendant is convicted rather than just a five-year penalty." His attorney also acknowledged at the arraignment, referring to the statutory minimum sentence, that the "very serious gun charge ... increases it by 10 years." Under these circumstances, reversal on plain error review is not warranted.

## II. Sentencing Issues

Matthews raises three separate issues related to the enhanced sentence for drug quantity. We reject each one.

### A. Insufficient Evidence at Trial

■ Matthews contends that there was insufficient evidence to subject him to a mandatory minimum sentence of ten years and a maximum life sentence under 21 U.S.C. § 841(b)(1)(A)(viii) for possession of more than 100 grams of methamphetamine or more than 1 kilogram of mixture containing methamphetamine. He argues that the government's expert based his testimony – that a one-liter bottle, half-full, contained 128 grams of methamphetamine – on a DEA agent's hearsay statement. We conclude that, although the admission of the hearsay testimony was error, it does not warrant reversal.

We have held that, in this context, "hearsay evidence is to be considered solely as a basis for [an] expert['s] opinion and not as substantive evidence." *United States v. Sims,* 514 F.2d 147, 149–50 (9th Cir.1975); *see also Paddack v. Christensen,* 745 F.2d 1254, 1262 (9th Cir.1984). Here, the quantity of the liquid found in the compound was a critical fact because the indictment charged Matthews solely with possession of a mixture containing methamphetamine, and not with a quantity of pure methamphetamine. Furthermore, because Burnett, the government's expert witness, was the only witness to testify to drug quantity, Matthews's substantial rights were affected by the erroneous admission of this testimony.

We cannot conclude, however, that erroneous admission of the testimony affected the fairness, integrity, or public reputation of the judicial proceedings. Because Burnett testified that, in addition to the statement of the DEA agent, he also examined the photographs of the bottles at the scene and compared the photographs to bottles at the grocery store to verify the size of the bottle and amount of liquid in the

bottle, there was sufficient basis for his expert opinion that Matthews had manufactured and possessed more than 100 grams of methamphetamine or more than 1 kilogram of a mixture containing methamphetamine.

### B. Insufficient Facts Alleged in the Indictment

█ Matthews also argues that the indictment alleged insufficient facts to sentence him for possession of more than 100 grams of methamphetamine or more than 1 kilogram of a mixture containing methamphetamine under 21 U.S.C. § 841(b)(1)(A)(viii), because the indictment alleged only that Matthews had possessed "approximately 400 grams of a mixture" containing methamphetamine. The finding that Matthews possessed a larger quantity subjected him to both a higher mandatory minimum sentence (ten years) and a higher statutory maximum sentence (life).

█ The fact that Matthews was subjected to a higher statutory minimum does not warrant reversal of his sentence because facts which increase the statutory minimum sentence do not have to be alleged in the indictment or proven to the jury beyond a reasonable doubt. *Harris v. United States*, —— U.S. ——, ——, 122 S.Ct. 2406, 2408, 153 L.Ed.2d 524 (2002).

But under *Apprendi v. New Jersey*, 530 U.S. 466, 481, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Cotton*, —— U.S. ——, ——, 122 S.Ct. 1781, 1783, 152 L.Ed.2d 860 (2002), any fact that increases the statutory *maximum* sentence must be charged in the indictment and proven to a jury beyond a reasonable doubt. That the government alleged only 400 grams of mixture was therefore error under *Apprendi. Cotton*, —— U.S. at ——, 122 S.Ct. at 1785; *accord United States v. Valensia*, 299 F.3d 1068, 1074 (9th Cir.

2002). *Cotton* makes clear, however, that "defects in an indictment do not deprive a court of its power to adjudicate a case," that a defendant may waive his right to have certain facts alleged in the indictment, and that if he does, then it is appropriate to vacate the defendant's enhanced sentence only if it meets the requirements of the plain error standard of review, —— U.S. at ——, 122 S.Ct. at 1785. Here, because Matthews's ten-year sentence was less than the forty-year statutory maximum punishment that he could have received had he been convicted of possessing only the lesser quantity alleged in the indictment, 21 U.S.C. § 841(b)(1)(B)(viii), the *Apprendi* error "was immaterial." *United States v. Buckland*, 289 F.3d 558, 572 (9th Cir.2002) (en banc), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). Reversal is therefore not required.

### C. Variances in Proof at Trial from Facts Alleged in the Indictment

█ Matthews also argues that there were two fatal variances between the government's theory and proof at trial and the facts charged in the indictment: (1) that the government offered proof of the quantity of pure methamphetamine, rather than the quantity of liquid mixture as charged in the indictment; and (2) that the government proved a quantity, more than 100 grams of methamphetamine, that subjected Matthews to a sentence of ten years to life, 21 U.S.C. § 841(b)(1)(A), rather than the quantity charged in the indictment, 400 grams of mixture, which would have subjected Matthews only to a five-to-forty year sentence, 21 U.S.C. § 841(b)(1)(B).

█ Generally, a variance warrants reversal only if it constitutes a constructive amendment of the indictment – that is, if the defendant was effectively convicted of a crime that was not charged in the indict-

ment. *Stirone v. United States,* 361 U.S. 212, 218, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *accord United States v. Pisello,* 877 F.2d 762, 765 (9th Cir.1989). At one point in our circuit, before *Cotton* and *Olano,* it was established that a constructive amendment always warranted reversal. *See United States v. Olson,* 925 F.2d 1170, 1175 (9th Cir.1991). But, as discussed above, *Cotton* conclusively holds that a defendant may forfeit his claim of error regarding a defective indictment if he fails to object, as Matthews did. —— U.S. at ——, 122 S.Ct. at 1785. Under such circumstances, we review for plain error. *Id.*

The first alleged variance does not warrant reversal of Matthews's sentence because it did not prejudice Matthews. To determine the quantity of pure methamphetamine, Burnett conducted a chemical analysis of the liquid seized by the investigating officers. To conduct this analysis, Burnett had to determine with reasonable certainty the amount of liquid at issue. Therefore, the prosecution presented evidence that supported the facts alleged in the indictment. *See Olson,* 925 F.2d at 1176.

Matthews is correct, however, that the second alleged variance constitutes a constructive amendment of the indictment. When the government proved a drug quantity at trial that subjected Matthews to a higher statutory maximum sentence, it proved an aggravated offense that had not been charged in the indictment. The district court in turn relied on this higher drug quantity to determine Matthews's maximum statutory sentence. This was error. *See Cotton,* —— U.S. at ——, 122 S.Ct. at 1785; *see also United States v. Pazsint,* 703 F.2d 420, 424 (9th Cir.1983) (holding that jury instructions on facts that differed from those alleged in the indictment "destroyed the defendant's substan-

tial right to be tried only on charges presented in an indictment returned by a grand jury") (quoting *Stirone,* 361 U.S. at 217, 80 S.Ct. 270); *United States v. Solis,* 841 F.2d 307, 309 (9th Cir.1988) (stating that "the Fifth Amendment is violated when the grand jury charges one crime and the jury convicts of another").

But as noted, because Matthews's ten-year sentence was within the five-to-forty year sentencing range for the crime that was charged in the indictment, we cannot conclude that this error warrants reversal for plain error, because Matthews could have received a ten-year sentence even if he had been convicted only of the quantity that was actually charged in the indictment.

### III. Other Issues

■ We also reject Matthews's argument that he was prejudiced by the admission of evidence that, months after the crime charged in the indictment, he employed "live explosive devices" while making methamphetamine. He contends that this evidence should have been excluded under Rules 403 and 404(a) of the Federal Rules of Evidence. Matthews claims that the testimony about the explosive devices impermissibly suggested that he had a propensity to protect his desert compound with weapons as well. We review for plain error because Matthews's motion in limine was insufficient to preserve this issue. *See United States v. Archdale,* 229 F.3d 861, 864 (9th Cir.2000).

The evidence was admissible under Rule 404(b) of the Federal Rules of Evidence, which permits use of other acts evidence to prove modus operandi. Furthermore, the district court did not err in determining under Rule 403 that the probative value of the evidence outweighed any prejudice, because Matthews does not suggest how he was prejudiced, other than to argue that it

rendered his testimony – that he did not use and carry a weapon – less credible.

Finally, Matthews contends that he was improperly punished for separate violations of § 841 arising from the same act. We have held, however, that manufacturing and possession of the methamphetamine are independent criminal acts. *See United States v.. Mora,* 876 F.2d 76, 78 (9th Cir.1989) (holding that a defendant could be punished separately for the offenses of importation of illegal drugs and possession with intent to distribute). Therefore, multiple sentences were appropriate.

AFFIRMED.