**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK ZANINI, | No. 23-15397 |
| Petitioner-Appellant, | D.C. No. 3:18-cv-00336-MMD-CSD |
| v. | |
| TIM GARRETT; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted May 16, 2024**
Phoenix, Arizona

Before: GRABER, DESAI, and DE ALBA, Circuit Judges.

Petitioner Frank Zanini appeals the district court's denial of his petition for

habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted a certificate

of appealability on a single issue: whether the Nevada Supreme Court's denial of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner's Sixth Amendment notice claim was contrary to, or an unreasonable application of, clearly established Supreme Court law.[1]  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and affirm.

1.  The Nevada Supreme Court adjudicated Petitioner's Sixth Amendment notice claim on the merits.  At the end of an order substantively addressing most of Petitioner's claims, the Nevada Supreme Court, in a footnote, stated, "Zanini additionally argues that the district court erred in allowing the State to file a second amended information."  It summarily denied this claim, along with several others, in a single sentence: "We have carefully considered each of Zanini's remaining arguments, and we conclude that they are without merit."  Petitioner's claim that this footnote addressed a procedural rather than substantive error draws too fine a line.  The purported lack of notice of which Petitioner complains necessarily followed from the fact of filing the second amended information.  Despite the Nevada Supreme Court's lack of detail, its order does not "lead[] very clearly to the conclusion that a federal claim was inadvertently overlooked." *Johnson v. Williams*, 568 U.S. 289, 303 (2013).  Accordingly, the district court properly deferred to the Nevada Supreme Court's adjudication of the merits of Petitioner's

---

[1] Petitioner asks us to expand the certificate of appealability to address his claims of improper vouching in violation of the Fifth Amendment.  Because we do not conclude that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), his request is denied.

claim pursuant to 28 U.S.C. § 2254(d).

2. The Nevada Supreme Court's denial of Petitioner's Sixth Amendment notice claim was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Petitioner's argument hinges on his understanding that the first amended information—the operative information at the start of the trial—necessarily incorporated details from Detective Swartwood's interview with J.Z. because the charges were otherwise too indefinite to provide adequate notice. Accordingly, Petitioner argues, the government's mid-trial amendment to conform the information to allegations that J.Z. detailed for the first time at trial, deprived Petitioner of notice.

This argument ignores the dearth of Supreme Court precedent addressing the factual sufficiency of state court charging documents. *See Gautt v. Lewis*, 489 F.3d 993, 1004 n.11 (9th Cir. 2007) (noting that "the Supreme Court has written relatively sparingly on a defendant's right to notice" in state criminal proceedings). In the absence of such case law, and because the first amended information stated the essential elements of each offense, it was not unreasonable to conclude that the first amended information provided sufficient notice without reference to the contents of Detective Swartwood's interview with J.Z. *See Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir. 1986) ("The sixth amendment requires, in part, that an information state the elements of an offense charged with sufficient clarity to

3

apprise a defendant of what he must be prepared to defend against.").

3. The only differences between the first and second amended information were the date ranges associated with each count. Because the date was not an essential element of any alleged offense, these differences did not alter the nature of the charges. Therefore, the discrepancies between the two charging documents amounted to variances subject to harmless error analysis. *See Jones v. Smith*, 231 F.3d 1227, 1232 (9th Cir. 2000). Because the Nevada Supreme Court adjudicated Petitioner's claim on the merits, we must presume that it concluded that the variances did not prejudice Petitioner. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011). The Nevada Supreme Court's conclusion was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

Although the amendments substantially expanded the timeframes associated with particular charges, the amended ranges still fit within the eight-year period of alleged abuse. Moreover, the specific dates were not critical to Petitioner's defense, which centered on J.Z.'s credibility. Petitioner's claim that, with prior notice of the variance, he may have introduced an alibi defense is unpersuasive. He does not explain why such a defense would not have been effective under the terms of the first amended information. Similarly, Petitioner argues that the amendments rendered him unable to present medical records that documented physical infirmities between 2002 and 2005. But the first amended information

4

alleged offenses during that period.  The Nevada Supreme Court's rejection of

Petitioner's claims of prejudice was, therefore, not unreasonable.

**PETITION DENIED.**